Filed 11/22/22 P. v. Becerra CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>   v.<br><br>ISAIAS JEROME BECERRA,<br><br>   Defendant and Appellant. | F084057<br><br>(Super. Ct. No. 1489464)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Stanislaus County. Carrie M. Stephens, Judge.

James E. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis A. Vasquez, Lewis A. Martinez and Joseph Penney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Detjen, Acting P. J., Smith, J. and Snauffer, J.

Defendant Isaias Jerome Becerra contends on appeal the trial court's order denying his petition for resentencing must be reversed and the matter remanded with instructions to the trial court to grant his petition for resentencing and reduce his sentence from 11 years to nine years because the trial court erred when it denied the petition. We reverse the trial court's order denying defendant's petition for resentencing. Defendant's Penal Code section 667.5[1] enhancements are stricken, and the trial court is directed to issue an amended abstract of judgment to reflect the modification. In all other respects, we affirm.

## PROCEDURAL SUMMARY

On July 10, 2015, the Stanislaus County District Attorney filed a complaint against defendant, alleging he committed robbery (§ 211; count 1), and assault with a deadly weapon (§ 245, subd. (a)(1); count 2). It was also alleged, as to count 1, that defendant personally used a dangerous or deadly weapon, to wit, a knife (§ 12022, subd. (b)). It was further alleged, as to counts 1 and 2, that defendant personally inflicted great bodily injury on the victim (§ 12022.7, subd. (a)), that defendant had a prior serious felony "strike" conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), that also constituted a prior serious felony conviction (§§ 667, subd. (a), 1192.7, subd. (c)), and that defendant had served seven prior terms in prison (§ 667.5, former subd. (b)).

On October 27, 2015, defendant entered a plea of no contest to count 1 (§ 211), admitted the prior strike conviction (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), admitted the great bodily injury allegation (§ 12022.7, subd. (a)), and admitted two prior prison terms (§ 667.5, former subd. (b)). Defendant agreed to a stipulated sentence, pursuant to a plea agreement, to serve 11 years in prison: six years on count 1 (the midterm, doubled pursuant to the prior strike conviction), plus a

---

[1] All statutory references are to the Penal Code unless otherwise noted.

2.

three-year great bodily injury enhancement (§ 12022.7, subd. (a)), plus two one-year prior prison term enhancements (§ 667.5, former subd. (b)). Defendant was found to have credit for 76 actual days, and 11 days conduct credit, for a total of 87 days credit for time served. He was ordered to pay various fines and fees.

On December 20, 2021, defendant filed a petition for resentencing with the trial court. Defendant filed a second petition for resentencing with the trial court on February 7, 2022. On February 7, 2022, the Stanislaus County District Attorney's Office filed its opposition to defendant's petitions. On February 24, 2022, after a hearing on the matter, the trial court denied defendant's petition.

On March 9, 2022, defendant filed a timely notice of appeal.

## FACTUAL SUMMARY

On June 8, 2015, defendant attempted to steal a set of power tools from a hardware store. As he was passing the register, an employee of the store attempted to stop defendant. Defendant then produced a knife and stabbed the employee in the shoulder.

## DISCUSSION

Defendant contends the trial court's order denying his petition for resentencing must be reversed and remanded, with instructions to the trial court to resentence defendant and strike his section 667.5 former subdivision (b) enhancements, because the trial court improperly denied his petition. He contends the trial court abused its discretion by denying his petition for resentencing because it improperly weighed the evidence when finding that defendant posed a risk for future violence under section 1172.75, subdivision (d)(1). The People agree defendant's case must be remanded for resentencing because defendant's prior prison term enhancements have been invalidated. However, the People argue that we need not reach the issue of whether the trial court erred in finding defendant posed a risk of future violence because that assessment should be addressed upon resentencing. We agree with the parties that the

3.

trial court's order denying defendant's petition for resentencing must be reversed, but conclude defendant's two one-year prior prison term enhancements must be stricken and remand would be futile because defendant agreed to a stipulated sentence pursuant to a plea agreement.

### A.    Background

On October 27, 2015, at defendant's initial sentencing, the parties agreed to a stipulated sentence pursuant to a plea agreement and the trial court accordingly sentenced defendant to a term of 11 years in prison, including one year for each of two prior prison terms, pursuant to section 667.5, former subdivision (b).  When asked whether there was a plea agreement, defense counsel stated,

> "Yes, there is.  It will be a no contest plea to [c]ount 1, [section] 211, for the midterm of three years.
>
> "The [section 667.5, subdivision] (d) prior will be admitted.  That's times two.
>
> "[Defendant] will be admitting the [section] 12022.7 enhancement for an additional three, and the first two [section 667.5, subdivision] (b) priors for an additional two for a total of 11 years."

When defendant filed a petition for resentencing in February 2022, the trial court denied his petition pursuant to section 1172.75, subdivision (d)(1), finding that imposing a lesser sentence would endanger public safety.

### B.    Law

Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136) eliminated prior prison term enhancements except for those based on sexually violent offenses as defined in the Welfare and Institutions Code.  (§ 667.5, subd. (b); Stats. 2019, ch. 590, § 1; *People v. Lopez* (2019) 42 Cal.App.5th 337, 340–341.)

Senate Bill No. 483 (2021–2022 Reg. Sess.) (Senate Bill 483) explicitly made the changes implemented by Senate Bill 136 retroactive.  (Stats. 2021, ch. 728, § 1 ["it is the intent of the Legislature to retroactively apply … Senate Bill 136 of the 2019–20 Regular

4.

Session to all persons currently serving a term of incarceration in jail or prison for these repealed sentence enhancements"].) The bill took effect on January 1, 2022, also adding former section 1171.1 to the Penal Code. (Stats. 2021, ch. 728, § 3.) The Legislature recently renumbered former section 1171.1 without substantive change—it is now section 1172.75. (Stats. 2022, ch. 58, § 12, effective June 30, 2022.) Section 1172.75 provides: "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense … is legally invalid." (§ 1172.75, subd. (a).)

Section 1172.75 also gives defendants a remedy for those legally invalid enhancements. The Department of Corrections and Rehabilitation (CDCR) and the county correctional administrator must identify individuals currently serving terms that include the invalidated enhancement. (§ 1172.75, subd. (b).) The officials must provide the sentencing courts with the names of those individuals, along with their dates of birth and the relevant case or docket numbers. (*Ibid*.) "Upon receiving the information," if the court determines that a judgment includes an invalidated enhancement, "the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).) In resentencing the defendant, the court shall "apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) The resentencing "shall not result in a longer sentence than the one originally imposed." (§ 1172.75, subd. (d)(1).) Rather, it "shall result in a lesser sentence …, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (*Ibid*.) Moreover, when the Legislature enacted the resentencing statute, its uncodified findings and declarations specified its intent that "any changes to a sentence as a result of [Senate Bill 483] … shall not be a basis for a prosecutor or court to rescind a plea agreement." (Stats. 2021, ch. 728, § 1.)

## C.    Analysis

Defendant contends the trial court erred when it denied his petition for resentencing based on its finding that he posed a risk for future violence pursuant to section 1172.75, subdivision (d)(1).  He contends his two enhancements under section 667.5, former subdivision (b) must be stricken during a resentencing hearing because he qualifies for the ameliorative relief mandated by section 1172.75, subdivision (a).  The People agree defendant's prior prison term enhancements have been invalidated, regardless of any findings the trial court made under section 1172.75, subdivision (d)(1), and that the matter should be remanded to the trial court for resentencing.  However, the People argue that the trial court can evaluate whether defendant poses a risk for future violence under section 1172.75, subdivision (d)(1), during the resentencing hearing to determine whether a lesser sentence would endanger public safety.  We agree with the parties that defendant's prior prison term enhancements have been invalidated, but here, remand is futile because defendant was sentenced pursuant to a plea agreement.

In this case, the trial court imposed two one-year prior prison term enhancements in 2015 under section 667.5, former subdivision (b), but the enhancements are now "legally invalid."  (§ 1172.75, subd. (a).)  Defendant's prior prison terms were for petty theft with a prior conviction (§ 666).  As none of defendant's prior prison terms were for sexually violent offenses, he qualifies for relief pursuant to section 1172.75, subdivision (a).  (§ 1172.75, subd. (a); Welf. & Inst. Code, § 6600, subd. (b).)  Section 1172.75, subdivision (d)(1)'s public safety finding by the trial court does not eliminate the need to strike (or otherwise eliminate) the prior prison term enhancements that have been invalidated by section 1172.75, subdivision (a), as is the case here.  Here, the trial court improperly denied defendant's motion to modify his sentence in February 2022 because it determined he posed a risk of future violence, pursuant to section 1172.75, subdivision (d)(1), without first conducting a resentencing hearing.  A

trial court may evaluate whether a defendant poses a risk of future violence pursuant to section 1172.75, subdivision (d)(1), upon resentencing the defendant. If so, its option would be to resentence the defendant to a total term that does not exceed the original sentence and does not include the invalidated portions of the sentence. In this case, the trial court denied defendant's petition and retained the invalid portions of his sentence, improperly relying on the procedure specified by section 1172.75, subdivision (d)(1).

Here, however, defendant agreed to a stipulated sentence pursuant to a plea agreement between the parties that he be sentenced to the middle term of three years, doubled due to the prior strike conviction, plus a three-year great bodily injury enhancement and two one-year prior prison term enhancements. Senate Bill 483 makes clear that the proper remedy in the present case is to strike the invalid prior prison term enhancements while leaving the remainder of the plea agreement intact. Further, section 1192.5, subdivision (b), provides, in relevant part, that when a "plea is accepted by the prosecuting attorney in open court and is approved by the court, … the court may not proceed as to the plea other than as specified in the plea." Defendant was sentenced pursuant to a plea agreement, which set out the specific term of imprisonment for the count of conviction and each enhancement. The trial court therefore could not resentence defendant to a sentence other than the remainder of the sentence permitted by the plea agreement after striking the invalid prior prison term enhancements—a term of nine years. Accordingly, remanding for resentencing would not serve any purpose and would be an idle act. (See *People v. McDaniels* (2018) 22 Cal.App.5th 420, 425.)

Accordingly, the trial court's order denying defendant's petition for resentencing must be reversed. We modify the judgment by striking the two one-year prior prison term enhancements.

## DISPOSITION

The trial court's order denying defendant's petition for resentencing is reversed and defendant's two section 667.5 enhancements are stricken. The trial court is directed

to issue an amended abstract of judgment to reflect the modification, and forward copies to the appropriate entities.  In all other respects, we affirm.